UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**KAREN PETERS, Chief Judge, New York State Supreme Court, Third Judicial Department, in her official capacity, and MONICA A. DUFFY, Chairperson, COMMITTEE ON PROFESSIONAL STANDARDS, New York State Supreme Court Appellate Division, Third Judicial Department, in her official capacity,**

                                  **Plaintiffs,**

                 **-v-**                                       **3:13-CV-180 (NAM/DEP)**

**TATIANA NERONI,**

                                  **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Hon. Eric T. Schneiderman, Attorney General of the State of New York
Bruce J. Boivin, Esq., Assistant New York State Attorney
The Capitol
Albany, New York 12224
Attorney for Plaintiffs

Tatiana Neroni, Esq.
Neroni Law Office
203 Main Street
Delhi, New York 13753
Defendant pro se

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

In 2009, Tatiana Neroni, Esq. was admitted to practice law in the State of New York by the New York State Supreme Court, Appellate Division, Third Judicial Department ("Third Department"). On January 29, 2013, the Committee on Professional Standards ("Committee") brought a disciplinary action against Attorney Neroni in the Third Department, pursuant to

section 90(2) of the New York Judiciary Law.[1]  The Notice of Petition and the Petition of Charges and Specifications are both captioned as follows:

> In the Matter of TATIANA NERONI , an
> Attorney and Counselor-at-Law.
>
> COMMITTEE ON PROFESSIONAL STANDARDS
> Third Judicial Department,    Petitioner,
>
> and
>
> TATIANA NERONI,                    Respondent.
> (Attorney Registration No. 4650305)

The disciplinary petition charges Attorney Neroni with filing three frivolous motions, each of which resulted in a sanction order by Delaware County Acting Supreme/Family Court Judge Carl F. Becker, and with failing to pay the sanctions as ordered.  The first order, dated June 30, 2011, imposed a sanction of $1,250; the second, dated August 2, 2011, imposed a sanction of $2,500; and the third, dated August 10, 2011, imposed a sanction of $1,250.  The Third Department affirmed all three sanction orders.

Before responding to the disciplinary petition, Attorney Neroni removed the proceeding to this Court.  Judge Peters and Attorney Duffy move (Dkt. No. 6) to remand the proceeding to the

---

[1] Section 90(2) of the New York Judiciary Law provides in part:
> The supreme court shall have power and control over attorneys and counsellors-at-law and all persons practicing or assuming to practice law, and the appellate division of the supreme court in each department is authorized to censure, suspend from practice or remove from office any attorney and counsellor-at-law admitted to practice who is guilty of professional misconduct, malpractice, fraud, deceit, crime or misdemeanor, or any conduct prejudicial to the administration of justice; and the appellate division of the supreme court is hereby authorized to revoke such admission for any misrepresentation or suppression of any information in connection with the application for admission to practice.

-2-

Third Department on the ground that federal district court lacks subject matter jurisdiction over an attorney disciplinary matter brought under section 90(2) of the New York Judiciary Law.

The 26-page notice of removal (Dkt. No. 1) filed by Attorney Neroni in this Court is captioned "Notice of Removal/Complaint/1983 Action." It does not bear the same caption as the disciplinary pleadings; rather, it designates Attorney Neroni as "plaintiff/petitioner" and names as "defendants/respondents" Karen Peters, Chief Judge of the Third Department, in her official capacity, and Monica A. Duffy, Chairperson, Committee on Professional Standards of the Third Department, in her official capacity.

Insofar as the "Notice of Removal/Complaint/1983 Action" constitutes a notice under 28 U.S.C. 1446 removing the disciplinary proceeding to district court, the matter must be remanded for lack of subject-matter jurisdiction. Under 28 U.S.C § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States[.]" The party seeking removal bears the burden of showing that federal jurisdiction is proper. *See Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011).

Attorney Neroni sets forth no basis upon which federal district court has original jurisdiction over a state attorney disciplinary proceeding. Her reliance on 28 U.S.C. § 1443 is misplaced. Section 1443 provides in full:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law

-3-

> providing for equal rights, or for refusing to do any act on the ground
> that it would be inconsistent with such law.

Section 1443 is plainly inapplicable in the instant case. It has long been established that the scope of section 1443 is restricted to violations of explicit federal statutory and constitutional laws guaranteeing racial equality for all citizens. *See Johnson v. Mississippi*, 421 U.S. 213, 227-28 (1975); *Georgia v. Rachel*, 384 U.S. 780, 792 (1966). The disciplinary proceeding herein presents no such issue, and the matter must be remanded.

Attorney Neroni appears also to have intended her "Notice of Removal/Complaint/1983 Action" to be a complaint under 42 U.S.C. § 1983 challenging New York State's attorney disciplinary procedure. This Court abstains and dismisses such claims under *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention is mandatory where there is an ongoing state proceeding, an important state interest is implicated, and the plaintiff has an avenue open in state court for review of constitutional claims. *See Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003). Here, all three elements are met. There is an ongoing state proceeding involving regulation of attorney conduct, clearly an important state interest. *See Anonymous v. Association of the Bar of City of N.Y.*, 515 F.2d 427, 432 (2d Cir. 1975). As the Second Circuit explains:

> [T]he integrity of the bar is of public concern and the state which licenses
> those who practice in its courts, and which is the only body that can impose
> sanctions upon those admitted to practice in its courts, should not be deterred
> or diverted from the venture by the interloping of a federal court.

*Id.* Further, Attorney Neroni has an avenue open in state court for review of her constitutional claims; as the Second Circuit observed, "[w]hatever federal constitutional questions are involved [in an attorney disciplinary proceeding] can certainly be raised in the state courts and ultimately

addressed to the Supreme Court." *Id*.; *accord Spargo*, 351 F.3d at 77-79.  Attorney Neroni has not demonstrated the existence of unusual circumstances warranting an exception to the application of *Younger*.  Accordingly, all section 1983 claims are dismissed.

It is therefore

ORDERED that the motion (Dkt. No. 6) is granted and the attorney disciplinary proceeding *In the Matter of Tatiana Neroni* is remanded to the New York State Supreme Court, Appellate Division, Third Judicial Department; and it is further

ORDERED that any and all claims asserted by Tatiana Neroni, Esq. under 42 U.S.C. § 1983 are dismissed without prejudice; and it is further

ORDERED that the case is closed.

IT IS SO ORDERED.

Date: November 18, 2013
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge